## SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
### CIVIL DIVISION

FRITZ GERALD Aubin
25 Kennedy St. NW #103
Washington DC 20011

*Plaintiff*

**14 - 0 0 0 5 0 1 1**

*vs.*

Officer. DAVID Hong
DC Police Department
1ST District. badge # 3913
101 M St, SW. Washington DC 20024
*Defendants*

CIVIL ACTION NO. _____

RECEIVED
Civil Clerk's Office
AUG 13 2014
Superior Court
of the District of Columbia
Washington, D.C.

## COMPLAINT

1.  **Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.**

the incident happened at the intersection of Penn Ave & 9th St. SE. where as a Bus Driver, the bus I operated stopped. I was calling dispatch for help when 3 officers (a white, a Black, an Asian) came at the scene; After I several times Told him (the Black off.) that I do Not consume alcohol, don't do drugs and for no Reasons, he (Black off.) placed in handcuffs and sat me down on the side of the curb for 15 mnt. I was falsely arrested for DUI and Trans Ported to 1st District on Processing - No Breathalyze done - No Test Result for Urine Test

**Wherefore, Plaintiff demands judgment against Defendant in the sum of $** _100,000,000_
**with interest and costs.**

Phone: 202 391 4459

**DISTRICT OF COLUMBIA, ss**

FRITZ Gerald Aubin _____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.

_____ (Plaintiff) _____ (Agent)

Subscribed and sworn to before me this ___ 3 day of _____ 20__

_____
(Notary Public/Deputy Clerk)

**SUPERIOR COURT OF THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

RECEIVED
Civil Clerk's Office
AUG 15 2014
Superior Court of the
District of Columbia
Washington, D.C.

FRitz G. Aubin
5 Kennedy St. NW #103
Washington DC 20011

Metropolitun Police Department ② District of Columbia

Cathy Lynn Lanier    *vs.*

300 Indigna Ave NW
#5059
③ WDC 20001

③ officer David Hong #3913
DC Police Dept, 1rst District
M St. SW Wash. DC 20024

CIVIL ACTION NO. _2014CA9011_

① Mayor Vincent C. Gray
1350 Penn. Ave. NW. Suite 316
Wash. DC 20004
② office of the mayor
441 4th St NW, 6th FL South
WDC, 20001

**Amended** #**Defendants**

**COMPLAINT**

at 11.29 Am on Oct 29, 2013 New channel 8-

1. Jurisdiction of this court is founded on D.C. Code Annotated, 2001 edition, as amended, Sec. 11-921.

Bottom Line is that New channel 7 8, sister station 8 broadcasted & stated that I was charged with a crime, and bring the chief of Police (Lanier) and her responded as being charged with a crime and guilty also of the crime. with my name & Picture broadcasted at the time of the interview on Channel 8. I was not found guilty of anything and in fact it was thrown out of court. The Chief of Police (Cathy Lynn Lanier had, in fact participated in mis information campaign day suggestion that I was guilty of that crime. Oct 29, 2013

Wherefore, Plaintiff demands judgment against Defendant in the sum of $ _1,000,000_
with interest and costs.

Phone: _202 391 4459_

**DISTRICT OF COLUMBIA, SS**

_FRITZ GERALD Aubin_ _____, being first duly sworn on oath deposes and says that the foregoing is a just and true statement of the amount owing by defendant to the plaintiff, exclusive of all set-off and just grounds of defense.

_____
(Plaintiff)                                    Agent)

Subscribed and sworn to before me this ___15___ day of ___August___ 20_14_

_____
(Notary Public/Deputy Clerk)

FORM CV-1013 Nov. 00

& FD-GnF. 11/14

D.C. Superior Court
09/10/2014 14:31PM
Clerk of the Court

## SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

FRITZ G. AUBIN,                          )
                                         )
         Plaintiff,                      )          Civil Action No. 2014 CA 005011 B
                                         )          Judge Maurice Ross
         v.                              )
                                         )          Next Event: ISC – November 14, 2014
OFFICER DAVID HONG, *et al.*,            )
                                         )
         Defendants.                     )
_____ )

## DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S DEFAMATION CLAIM

Defendants Police Chief Cathy Lanier, Officer David Hong, D. C. Metropolitan Police Department ("MPD"), and the District of Columbia ("the District"), by and through undersigned counsel, respectfully move this Honorable Court to issue an order dismissing Plaintiff's Amended Complaint.  The basis for this Motion is as follows:

1.     Plaintiff's lawsuit against Chief Lanier is an official-capacity lawsuit;

2.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

3.     The D.C. Metropolitan Police Department (MPD) is *non sui juris*; and

4.     Plaintiff failed to notify the Mayor about his potential tort claim against the District in accordance with D.C. Official Code § 12-309.

A Memorandum of Points and Authorities in support of this Motion and a proposed order are attached hereto.

Respectfully Submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division

/s/ *Patricia A. Oxendine*
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, General Litigation Sec. IV

s/ *Ana L. Jara*
ANA L. JARA[1]
Assistant Attorney General
441 Fourth Street, NW, Suite 630 South
Washington, DC 20001
202-724-5695 (direct); 202-727-6295 (main)
202-741-0667 (facsimile)
ana.jara@dc.gov

## 12-I CERTIFICATION

I hereby certify that, on September 5, 2014, I contacted Plaintiff to seek his consent for the relief herein sought.  Plaintiff informed me he retained counsel.  I asked for counsel's contact information, but Plaintiff did not provide the information.  Therefore, this motion should be treated as contested.

/s/ *Ana L. Jara*
ANA L. JARA
Assistant Attorney General

## CERTIFICATE OF SERVICE

I hereby certify that I caused copies of Defendants' Motion to Dismiss, accompanying Memorandum of Points and Authorities, and proposed Order, to be sent via first class mail, postage prepaid, on this September 10, 2014 to the following:

---

[1] Admitted to practice only in Maryland.   However, pursuant to D.C. Court of Appeals Rule 49(c)(4), undersigned counsel is appearing in this case as a District of Columbia employee with the Office of the Attorney General, and under the direct supervision of Patricia Oxendine, a member of the D.C. Bar, also with the Office of the Attorney General, as is required by Rule 49(c)(4).

Mr. Fritz G. Aubin
25 Kennedy Street, N.W., #103
Washington, D.C.

/s/ *Ana L. Jara*
ANA L. JARA
Assistant Attorney General

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

FRITZ G. AUBIN,                          )
                                         )
        Plaintiff,                       )        Civil Action No. 2014 CA 005011 B
                                         )        Judge Maurice Ross
        v.                               )
                                         )        Next Event: ISC – November 14, 2014
OFFICER DAVID HONG, *et al.,*            )
                                         )
        Defendants.                      )
_____ )

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF**
**DEFENDANTS' MOTION TO DISMISS**

        Defendants Police Chief Cathy Lanier, Officer David Hong, D. C. Metropolitan Police

Department ("MPD"), and the District of Columbia ("the District") submit this Memorandum of

Points and Authorities in support of their Motion to Dismiss:

**FACTUAL BACKGROUND**

        Plaintiff's Amended Complaint filed on or about August 15, 2014, simply states as

follows:

> "At 11:29 a.m. October 29, 2013 New channel 8 – Bottom Line is that
> New Channel 7 & sister station 8 broadcasted & stated that I was charged
> with a crime and bring the chief of Police (Lanier) and her responded as
> charged with a crime and guilty also of the crime.  With my name &
> Picture broadcasted at the time of the interview on Channel 8.  I was not
> found guilty of anything and in fact it was thrown out of court.  The Chief
> of Police (Cathy Lynn Lanier) had, in fact, participated in misinformation
> compaign by suggestion that I was guilty of that crime. Oct 29, 2013."

The Complaint is devoid of any facts or reference to Officer Hong or what role he allegedly

played in the alleged defamation.  *See* Am. Compl.

## STANDARD OF REVIEW

"The only issue on review of a dismissal made pursuant to Super. Ct. Civ. R. 12(b)(6) is the legal sufficiency of the complaint." *Aronoff v. Lenkin Co.*, 618 A.2d 669, 684 (D.C. 1992). Pursuant to Rule 8(a)(2), a complaint must include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (interpreting the identical federal rule). While it is not necessary for a complaint to set forth "specific facts," *Erickson v. Pardus*, 551 U.S. 89, 93 (2007), "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Thus, a complaint's factual allegations must "raise a right to relief above the speculative level" and set forth "plausible grounds to infer" liability. *Id*.

When ruling on a defendant's motion to dismiss, "a judge must accept as true all of the factual allegations contained in the complaint." *Erickson*, 551 U.S. at 94 (citing *Twombly*, 550 U.S. at 555). At the same time, "courts 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). In this case, even if the factual allegations are true, Plaintiff is not entitled to relief because (1) MPD is *non sui juris*, (2) the suit against Chief Lanier is an official-capacity suit and dismissal is appropriate, (3) he failed to provide notice of his potential claim to the District in accordance with D.C. Official Code 12-309, and (4) Plaintiff has failed to state a claim upon which relief can be granted.

**ARGUMENT**

**I.**     **Plaintiff's Complaint Against Chief Lanier is An Official-Capacity Lawsuit And Dismissal is Appropriate.**

Plaintiff has sued defendant Chief Lanier in her official capacity only.  *See* Am. Compl. According to Plaintiff, Chief Lanier appeared on Channel 8 and indicated that he had been charged with a crime and suggested he was guilty.  *Id.*  This appearance appears to have been in her official-capacity.  It is well settled that a "suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office." *See Will v. United States*, 491 U.S. 58, 71 (1989*), citing Brandon v. Holt*, 468 U.S. 464 (1985). *See also, Robinson v. District of Columbia*, 2005 U.S. Dist. LEXIS 3556 (D.D.C. 2005)(Mayor Williams dismissed from suit when named only in his official capacity); *Arnold v. Moore,* 980 F. Supp. 28 (D.D.C. 1997) (dismissing District officials sued in their official capacity).

The U.S. Supreme Court has ruled upon the issue of official-capacity suits. The Court has held that,

> Official-capacity suits..."generally represent only another way of pleading an action against an entity of which an officer is an agent." [Citation omitted.] As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity. [Citation omitted.] ...the real party in interest is the entity. Thus, ... a plaintiff seeking to recover on a damages judgment in an official-capacity suit must look to the government entity itself.

*See Kentucky v. Graham*, 473 U.S. 159 (1985).  Since the suit against Defendant Chief Lanier in her official capacity is deemed a suit against the District of Columbia, and the District is already a party to this action, Defendant Chief Lanier should be summarily dismissed.

II.     **Plaintiff Fails to State a Claim Upon Which Relief Can Be Granted.**

    A.     **Plaintiff's Amended Complaint Is Devoid of Any Allegations Against Defendant Hong.**

Pursuant to Super. Ct. Civ. R. 8(a)(2), a complaint must include "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Twombly*, 550 U.S. at 555.   Although Plaintiff named Officer Hong as a Defendant, the Amended Complaint fails to identify Defendant Hong as playing any role in in the claimed defamation or otherwise causing any harm to Plaintiff.   *See* Am. Compl.  Because the Amended Complaint fails to place Defendant Hong on notice of any claim raised against him, dismissal of the instant complaint against him is appropriate.

    B.     **Plaintiff Has Failed to Properly Plead a Defamation Claim For Which He Is Entitled to Relief.**

Based on the allegations raised in the Amended Complaint, Plaintiff appears to bring a claim for defamation against the Defendants.  The elements of defamation in this jurisdiction are: 1) that the defendant made a false and defamatory statement concerning the plaintiff; 2) that the defendant published the statement without privilege to a third party; 3) that the defendant's fault in publishing the statement amounted to at least negligence; and 4) that either the statement was actionable as a matter of law irrespective of special harm or that its publication caused the plaintiff special harm. *See Oparaugo v. Watts,* 884 A.2d 63, 76 (D.C. 2005).  While this jurisdiction does not apply a heightened pleading standard for claims alleging defamation, a complaint must allege "the language or the substance of the libelous statements." *Id.* at 77 (citing *Watwood v. Credit Bureau, Inc.*, 8 A.2d 905, 906 (D.C. 1949)).

Here, Plaintiff alleges that Chief Lanier appeared on Channel 8, reported that he was charged with a crime, and suggested that he was guilty.  *See* Am. Compl.   According to the allegations in the Amended Complaint, "The Chief of Police (Cathy Lynn Lanier) had, in fact, participated in misinformation campaign by suggestion that I was guilty of that crime."  *Id.*  Plaintiff's allegations do not rise to the level of defamation.  First, he concedes that he was charged with a crime because he submits that "it [the charges] was thrown out of Court."  *See* Am. Compl.  Plaintiff fails to specify how the suggestion that he was guilty harmed him, particularly since according to him, the charges were thrown out of Court.  *Id.*  Plaintiff simply has failed to properly plead a defamation claim against the Defendants and dismissal against each is appropriate.

### III.   MPD Is *Non Sui Juris*.

The law is clear that "agencies and departments within the District of Columbia government are not suable as separate entities."  *Does I through III v. District of Columbia,* 238 F. Supp.2d 212, 222 (D.D.C. 2002) (quoting *Gales v. District of Columbia*, 47 F. Supp.2d 43, 48 (D.D.C. 1999)); *see also Miller v. Spencer*, 330 A.2d 250, 251, n.1 (D.C. 1974); *Arnold v. Moore,* 980 F. Supp.28, 33 (D.D.C. 1997) ("governmental agencies of the District of Columbia are not suable entities") (citing *Robertson v. District of Columbia Bd. of Higher Educ.*, 359 A.2d 28, 31, n.4 (D.C. 1976)); (*Fields v. District of Columbia Dep't of Corr.,* 789 F. Supp.2d 20, 22 (D.D.C. 1992).   MPD was created by statute and was not vested with the authority to sue or be sued.  *See* D.C. Official Code § 5-101.01, *et seq.*  As an agency within the District of Columbia government, MPD is *non sui juris* and cannot be party to this, or any, lawsuit.  Therefore, MPD must be dismissed as a party defendant in this lawsuit.  *See, e.g., Ray v. District of Columbia,* 535 A.2d 868, 869 n. 2 (D.C. 1987) (dismissing MPD as a party defendant because it is *non sui*

*juris*); *Roberson v. District of Columbia Board of Higher Education,* 359 A.2d 28, 31 n. 4 (D.C.1976) (same); *Jones v. District of Columbia*, 2011 WL 2222354 at * 1, n.2 (D.D.C. 2011) (same).

### IV.    **Plaintiff Failed to Comply with D.C. Official Code § 12-309.**

Plaintiff seeks to hold the District liable to him for defamation.  *See* Am. Compl.   In order to proceed against the District for tort claims, a claimant must comply with the notice requirements of D.C. Official Code § 12-309 (2001), which provides that

> An action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

§ 12-309 is a *mandatory prerequisite* to filing a tort claim against the District and must be narrowly construed against claimants because it is in derogation of the common law principle of sovereign immunity.  *Mpoy v. Fenty*, 870 F.Supp.2d 173, 180 (D.D.C. 2012) (citing *District of Columbia v. Dunmore*, 662 A.2d 1356, 1359 (D.C. 1995)); *Gross v. District of Columbia*, 734 A.2d 1077, 1081 (D.C. 1999).  The purpose of § 12-309 is "to allow the District to conduct a prompt investigation of the injured person's claim…."  *Clark*, 604 F.Supp.2d at 9 n.12 (citing *Doe*, 697 A.2d at 27) (emphasis omitted);  *see also Brown v. District of Columbia*, 853 A.2d 733, 737 (D.C. 2004) (quoting *Hardy v. District of Columbia*, 616 A.2d 338, 340 (D.C. 1992)) (additional purposes are "(1) to allow the District to investigate potential claims so that evidence may be gathered while still available…, (2) to enable the District to correct defective conditions, thus increasing public safety, and (3) to facilitate settlement of meritorious claims and resistance of frivolous ones.").  Whether or not a complainant has complied with § 12-309 notice requirements is a question of law.  *Clark v. Flach*, 604 F.Supp.2d 1, 7 (D.D.C. 2009) (citing *Doe*

*by Fein v. District of Columbia*, 687 A.2d 23, 24 (D.C. 1997).  *Cf. District of Columbia v. Ross*, 697 A.2d 14, 17 (D.C. 1997).

The District did not receive a § 12-309 notice letter from Plaintiff about the claims set forth in his amended complaint nor does he allege in his Amended Complaint that he sent notice to the District about his potential claims.  *See* Am. Compl.  Because the District's receipt of notice pursuant to § 12-309 is a prerequisite to a claimant filing a lawsuit, and Plaintiff did not satisfy that requirement, dismissal of the instant Amended Complaint against the District is appropriate.

## <u>CONCLUSION</u>

For the reasons set forth above, Defendants Police Chief Cathy Lanier, Officer David Hong, D. C. Metropolitan Police Department , and the District of Columbia respectfully request that this Court dismiss Plaintiff's Amended Complaint.

Respectfully Submitted,

IRVIN B. NATHAN
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General, Civil Litigation Division


/s/ *Patricia A. Oxendine*_____
PATRICIA A. OXENDINE
D.C. Bar No. 428132
Chief, General Litigation Sec. IV

/s/   Ana L. Jara
ANA L. JARA[1]
Assistant Attorney General
441 Fourth Street, NW, Suite 630 South
Washington, DC 20001
202-724-5695 (direct); 202-727-6295 (main)
202-741-0667 (facsimile)
ana.jara@dc.gov

---

[1] Admitted to practice only in Maryland.   However, pursuant to D.C. Court of Appeals Rule 49(c)(4), undersigned counsel is appearing in this case as a District of Columbia employee with the Office of the Attorney General, and under the direct supervision of Patricia Oxendine, a member of the D.C. Bar, also with the Office of the Attorney General, as is required by Rule 49(c)(4).

**SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA**
**CIVIL DIVISION**

| | | |
|---|---|---|
| FRITZ G. AUBIN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2014 CA 005011 B |
| | ) | Judge Maurice Ross |
| v. | ) | |
| | ) | Next Event: ISC – November 14, 2014 |
| OFFICER DAVID HONG, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| ———————————————— | ) | |

**<u>ORDER</u>**

Upon consideration of Defendants Police Chief Cathy Lanier, Officer David Hong, D. C.

Metropolitan Police Department , and the District of Columbia's Motion to Dismiss, the

supporting Memorandum of Points and Authorities, any opposition thereto, and the entire record

herein, it is this ___ day of _____, 2014,

ORDERED: that the said Motion be, and hereby is, GRANTED for the reasons set forth

in the motion; and it is,

FURTHER ORDERED: that Plaintiff's Amended Complaint is DISMISSED with

prejudice against all named Defendants.


_____
Hon. Maurice Ross
Superior Court for the District of Columbia


Copies to:

Ana L. Jara, Assistant Attorney General
Office of the Attorney General
441 4th Street, N.W., Suite 630 South
Washington, D.C. 20001

Mr. Fritz Aubin
25 Kennedy Street, N.W., #103
Washington, DC 20011

# Superior Court of the District of Columbia
## CIVIL DIVISION

FRITZ G. Aubin                    *Plaintiff*

vs.

District of Columbia             *Defendant*

RECEIVED
Civil Clerk's Office
SEP 26 2014
Superior Court of the
District of Columbia
Washington, D.C.

No. 2014 CA005011 B

## MOTION - (Pro-Se)

MOTION OF Extend Time to respond for defendants motion to dismiss

(State briefly what you want the Court to do) I need substantial amount of time to retain counsel in this matter and a moved pleadings previously filed. Time extended until December 1, 2014

Printed name: FRITZ GERALD Aubin

Signature:

Address: 25 Kennedy St. NW #103 W. DC 20011

Home phone no. (202) 391-4459

Business phone no.

## CERTIFICATE OF SERVICE

On Sept 26, 2014 , 20 14 , I mailed this motion to all the lawyers in the case, the plaintiff(s) and the defendant(s) who do not have lawyers, as listed below:

Name: District of Columbia

Address: X 441 4th St (N) W 6th floor South
Wash DC 2000 1

Name: JARA (assistant attorney general)

Address:

Signature

## POINTS AND AUTHORITIES

(Write the reasons why the Court should grant your motion and include Court rules, laws and cases, if any, that support your reasons.)

_____

_____

_____

_____

Signature

Form CV-393 / Dec. 00

**D.C. Superior Court**
**10/09/2014 13:48PM**
**Clerk of the Court**

SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
CIVIL DIVISION

FRITZ GERALD AUBIN, )
)
              Plaintiff, )     Civil Action No. 2014 CA 5011 B
)     Judge Ross – Calendar #6
     v. )
)     Next Event:  Initial Scheduling Conference
OFFICER DAVID HONG, et al., )              November 14, 2014
)
          Defendants. )

## ORDER

Upon consideration of the Motion to Extend Time to Respond to Defendant's Motion to Dismiss filed by Fritz G. Aubin and after hearing arguments on behalf of all parties concerned, it is, by the Court, this 9th day of October 2014,

**ORDERED** that the motion be, and it is hereby, **GRANTED IN PART** and **DENIED IN PART**; and it is further

**ORDERED**, that Plaintiff has until November 3, 2014, to respond to Defendant's Motion to Dismiss.

**SO ORDERED**.

_Maurice A. Ross_
_____
Honorable Maurice A. Ross
Associate Judge

Copies to:

Fritz G. Aubin
25 Kennedy Street, NW
Apt. 103
Washington, DC  20011

AAG Ana L. Jara
O.A.G for the District of Columbia
441 4th Street, NW, Suite 630 South
Washington, DC 20001

Filed
D.C. Superior Court
11/07/2014 12:54PM
Clerk of the Court

## IN THE SUPERIOR COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **FRITZ GERALD AUBIN,** | : | |
| | : | |
| **Plaintiff,** | : | **Civil Action No. 2014 CA 5011 B** |
| | : | **Judge Ross** |
| **v.** | : | **Calendar 6** |
| | : | |
| | : | |
| **Officer DAVID HONG,** | : | |
| | : | |
| **Defendants.** | : | |

## <u>ORDER</u>

This matter comes before this Court upon consideration of Defendant's Motion to Dismiss, filed on September 10, 2014.  Though this motion was ripe for the Court's ruling on October 1, 2014, Plaintiff has failed to file an Opposition.  The Court also issued an order on October 9, 2014, giving Plaintiff until November 3, 2014 to file an Opposition, however Plaintiff failed to do so.  Accordingly, it is this **7<u>th</u>** day of **November 2014** hereby:

**ORDERED** that Plaintiff **MUST FILE** an Opposition by November 14, 2014; and it is further

**ORDERED** that if Plaintiff fails to file such Opposition by November 14, 2014, upon consideration of Defendant's Motion the motion may be **GRANTED**.

*Maurice A. Ross*
_____
**Maurice A. Ross**
**Associate Judge**

**Copies to:**

Fritz Gerald Aubin
25 Kennedy St. N.W.
Apt. 103
Washington, DC 20011


E-filed and e-served on:
Patricia A. Oxedine
Ana L. Jara
George Valentine
Irvin B. Nathan

Filed
D.C. Superior Court
12/03/2014 22:08PM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

**FRITZ AUBIN**                              :

                                             :          **Case No.:   2014 CA 5011 B**

    **v.**                                   :

**DISTRICT OF COLUMBIA, et. al**    :

## **PRAECIPE**

TO THE CLERK OF THE COURT:

Please enter the appearance of  CARRIE CRAWFORD  on behalf of  FRITZ

GERALD AUBIN  in the above-captioned case.

_____/s/_____
CARRIE CRAWFORD, ESQ.
324 Main Street, # 961
Laurel, MD  20725
(301) 266-6901
Attorney for Plaintiff

**<u>CERTIFICATE OF SERVICE</u>**

I HEREBY CERTIFY that  this 3rd  day of  December 2014, true and complete copy of the Plaintiff's Praecipe was electronically filed in this case and notice of this filing sent by operation of the Court's electronic filing system to all parties listed on the electronic filing receipt.


_____/s/_____
Carrie Crawford

D.C. Superior Court
12/03/2014 22:15PM
Clerk of the Court

## IN THE SUPERIOR COURT FOR THE DISTRICT OF COLUMBIA
## CIVIL DIVISION

| | |
|---|---|
| FRITZ G. AUBIN | * |
| 25 Kennedy Street, N.W., #103 | |
| Washington, DC 20011 | * |
| | |
| | * Civil Action No. 2014 CA 005011 B |
| | |
| Plaintiff, | * |
| | |
| | * Judge Maurice Ross |
| District of Columbia | Next Event: Discovery Request Deadline |
| A Municipal Corporation | * 02/12/2015 |
| Serve: Vincent Gray | |
| John A. Wilson Building | * |
| 1350 Pennsylvania Avenue, NW | |
| Washington, DC 20004 | * |
| | |
| Office of the Attorney General | * |
| 441 4th Street, NW | |
| 6th Floor | * |
| Washington, DC 20001 | |
| | * |
| and | |
| | * |
| OFFICER DAVID HONG, #3913 | |
| 101 M Street, SW | * |
| Washington, DC 20024 | |
| | * |
| Defendants. | |

## SECOND AMENDED COMPLAINT

### Preliminary Statement

Plaintiff Fritz G. Aubin ("Aubin") by and through undersigned counsel, pursuant

to District of Columbia statutes, sues Defendants the District of Columbia, ("the

District") or ("District of Columbia") and Officer David Hong ("Hong") based upon

personal knowledge, information and belief after reasonable inquiry in the above-

captioned matter and as grounds states  as follows:

## Jurisdiction and Venue

1. This Court has jurisdiction over this Complaint pursuant to D.C. Code § 11-921(a)(6).

2. This Court has personal jurisdiction over all Defendants pursuant to D.C. Code § 13-422 and  § 13-423.

3. The acts alleged in this Complaint arose in the District of Columbia; venue is therefore proper in this district.

4.  Pursuant to District of Columbia Code §12-309, Defendant the District of Columbia was given required notice on the day of the incident October 7, 2013 and  April 6, 2013.

## The Parties and Relevant Persons

5.  Plaintiff  at all times relevant to this Complaint was and is a resident of the District of Columbia.

6.  Defendant the District of Columbia is a municipal entity and at all relevant times was and is the entity responsible for the operations and oversight of the Metropolitan Police Department ("MPD").  Plaintiff asserts *respondeat superior* where appropriate.

7. Defendant Hong at all relevant times to this Complaint was a  police officer of the District of Columbia Metropolitan Police Department who detained and caused the illegal arrest of Plaintiff and was an employee of the District of Columbia acting in his official capacity in the regular course of his employment, under color of law and within the scope of his employment as a police officer.

**Facts Common to All Counts**

8.  On October 7, 2013 , at approximately 9:00 a.m., as Plaintiff was returning to the scene where his District of Columbia school bus had stopped at the intersection of 8th and Pennsylvania Avenue, Southeast, in the District of Columbia, he was approached by Metropolitan Police Officers then detained, handcuffed, arrested and jailed by Defendant Officer David Hong on one count of driving under the influence and one count of operating while impaired.  On October 24, 2013, Plaintiff was arraigned and ordered subject to pre-trial monitoring and a substance abuse evaluation.  All charges were later dismissed by the District of Columbia Superior Court on June 10, 2014.   Plaintiff was assaulted, falsely arrested and falsely imprisoned, all as a result of the actions of Defendant Hong.

## COUNT ONE

### False Imprisonment

9.   Count One of this Complaint adopts and incorporates by reference all allegations set forth above.

10.   At the stated time and place, Defendant Hong, acting as an agent, servant, and/or employee of Defendant District of Columbia, did falsely imprison and arrest Plaintiff without legal right and without Plaintiffs' consent, restricting his freedom of movement and travel by use of force and did  then and there arrest Plaintiff without probable cause.

11.  The conduct of Defendant Hong at all times was carried out with knowing

and deliberate malicious intent in that he intentionally imprisoned and arrested Plaintiff

without proper motivation or probable cause, and/or without reasonable cause with ill-

will and malice towards the Plaintiff in charging him with driving under the influence and

operating while impaired.

12.  As a direct and proximate result of the tortuous conduct of Defendant Hong,

Plaintiff suffered injury and damages from this unlawful deprivation of his liberty.

## COUNT II

## False Arrest

13.  Count II of this Complaint adopts and incorporates by reference all

allegations set forth above.

14.  Defendants participated in and caused the arrest of Plaintiff without

reasonable or probable cause to arrest him then falsely and fallaciously charged  him with

driving under the influence and operating while impaired without a warrant, without his

consent, legal authority, demonstrating ill will, improper motivation, and actual malice on

the part of Defendants. causing Plaintiff to be unlawfully deprived of his liberty.

15.  As a direct and proximate result of this unlawful restraint and deprivation of

liberty, Plaintiff was detained against his will and suffered injury and damages.

## COUNT III

## False Light/Invasion of Privacy

16.     Count three of this Complaint adopts and incorporates by reference all

allegations set forth above.

17.    Defendants falsely accused Plaintiff of driving a school bus of special needs children while under the influence of alcohol without a rational or reasonable basis for believing the same exposing him to ridicule and humiliation across the world, through the internet and other media outlets including on News Channel 8 on October 29, 2013 wherein comments by the Metropolitan Police Department Chief of Police further maligned and defamed Plaintiff.

18.    Defendants actions in accusing Plaintiff, having him falsely arrested and publishing the false allegations to others, placed Plaintiff in a false light and invaded his privacy, with knowledge, or in reckless disregard of the truth, without his consent and in a highly offensive manner.

19.    As a direct and proximate result of Defendants' invasion, Plaintiff suffered and will continue to suffer damages including emotional distress, humiliation, and loss of esteem.

**COUNT IV**

**Defamation**

20.    Count four of this Complaint adopts and incorporates by reference all allegations set forth above.

21.    Defendants falsely accused Plaintiff of driving a school bus of special needs children while under the influence of alcohol.

22.    Defendants made false and defamatory statements concerning the Plaintiffs; knowing or should have known that the statements were false, published the said statements without privilege to a third party which amounted to at least negligence, and

the statements were actionable as a matter of law causing harm to Plaintiff in his trade,

profession, community standing while lowering him in the estimation of the community.

23.  As a direct and proximate result of the Defendants' actions, Plaintiff suffered

injury and damages.

## COUNT V

### Negligent Training and Supervision

24.   Count five of this Complaint adopts and incorporates by reference all

allegations set forth above.

25.  Defendant, the District of Columbia, through its agency, Metropolitan Police

Department, owed Plaintiff the duty to use reasonable care in the supervision, training

and maintenance of personnel of the MPD including but not limited to , the adequate

supervision, control, evaluation and corrective action in connection with MPD personnel.

26.  By the foregoing actions by Defendant Hong, The District breached its duty to

use reasonable care in the supervision, training and maintenance of its personnel.


27.  As a direct and proximate result of the actions of Defendants', Plaintiff

suffered injury and damages.


## COUNT VI

### Negligent Infliction of Emotional Distress

28.  Count VI of this Complaint adopts and incorporates by reference all

allegations set forth above.


29.  Defendants' negligent conduct caused serious emotional damage to Plaintiff,

resulting in immediate bodily harm to him from the emotional and physical danger

resulting therefrom in the course of an illegal arrest and the negligent conduct of the

Defendants.

30.  By the foregoing actions by Defendant Hong, The District breached its duty to

use reasonable care in its treatment of Plaintiff.

31.  As a direct and proximate result of the actions of  Defendants', Plaintiff

suffered injury and damages.

## COUNT VII

### Violation of Constitutional Rights

32.  Count VI  of this Complaint adopts and incorporates by reference all

allegations set forth above.

33.  By the foregoing actions, taken under the color of law, Defendants deprived

Plaintiff of the rights, privileges, and immunities secured to them by the Constitution of

the United States, in violation of inter alia, Title 42, United States Code, Section 1983,

particularly (a)  the right of a Plaintiff to be secure in his/her person and effects against

unreasonable search and seizure under the Fourth Amendment to the Constitution of the

United States; (b) the right of a Plaintiff to be informed of the accusation against him/her,

secured to him under the Sixth Amendment to the Constitution of the United States' the

right of a Plaintiff not to be of life, liberty or property without due process of law; and  (c)

the right to equal protection of the laws, secured by the Fourteenth Amendment to the

Constitution of the United States; (d) the right of  Plaintiff not to be treated with cruel and

unusual punishment; secured to him under the Eighth and Fourteenth Amendments to the

Constitution of the United States.

34.  As a direct and proximate result of the actions of Defendants, Plaintiff was caused to suffer physical and emotional injury.  Plaintiff lost the life that he knew including his employment.  Further, Plaintiffs' emotional injury includes, but is not limited to, physical and mental anguish, embarrassment and damage to his reputation.

35.  Defendant District of Columbia, under color of law, intentionally, negligently and with complete and deliberate indifference for Plaintiff's rights, authorized, permitted and tolerated the custom and practice violating Plaintiff's rights, in particular by Defendant Hong, by failing to:

(a)  appoint, promote, train and/or supervise members of the Metropolitan Police Department who would enforce the laws in effect in the District of Columbia, and who protect the Constitutional rights of the people of the District of Columbia;

(b) by permitting policy and custom of targeting certain citizens for disparate treatment without any reasonable or rational basis thereby depriving Plaintiff of his rights under the Fourth, Fifth, Sixth and Eighth Amendments to the United States Constitution.

**WHEREFORE**, Plaintiff demands judgment against the Defendants, jointly and severally in the amount of Seven Hundred Thousand ($700,000.00) compensatory damages, One Million ($1,000,000.00) punitive damages against Defendant David Hong, attorney fees and costs related to this action, and such further and other relief as this Court deems just and proper.

Respectfully submitted,

_____/s/ Carrie  Crawford_____
Carrie Crawford, Esquire, Bar# 460557
324 Main Street, #961
Laurel, MD  20725
(301) 266-6901
Attorney for Plaintiff
crawfordconsultants@gmail.com

## PRAYER FOR JURY TRIAL

Plaintiff requests that all issues triable by jury herein be decided by way of a jury trial.


_____/s/_____
Carrie Crawford

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that  this 3rd  day of  December 2014, true and complete copy of the Plaintiff's Second Amended Complaint was electronically filed in this case and notice of this filing sent by operation of the Court's electronic filing system to all parties listed on the electronic filing receipt.


_____/s/_____
Carrie Crawford