# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

FRITZ G. AUBIN,             )
                                  )
      Plaintiff,             )
                                  )   Civil Case No. 14-02133 (RJL)
      v.                    )
                                  )
THE DISTRICT OF COLUMBIA, et al.,  )
                                  )
      Defendants.          )

**FILED**

**JUN 0 5 2015**

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

## MEMORANDUM OPINION
June ⟍, 2015 [Dkt. # 5]

Plaintiff Fritz G. Aubin ("plaintiff") brought this suit against defendants the District of Columbia and Officer David Hong ("defendants") in D.C. Superior Court, which was removed to this Court on December, 17, 2014, asserting both common law and constitutional claims for injuries allegedly stemming from plaintiff's October 7, 2013 arrest. *See generally* Second Am. Compl. ("SAC") [Dkt. # 1-1].  Before the Court is defendant District of Columbia's Motion to Dismiss or Alternatively Motion for Summary Judgment.  [Dkt. # 5].[1]  Upon consideration of the pleadings, record, and relevant law, I find that the complaint fails to state a claim, and therefore defendant's motion is GRANTED, and all claims against defendant District of Columbia are dismissed with prejudice.

---

[1] Defendant David Hong separately moved to dismiss the case on March 27, 2015. *See* Def. Hong's Mot. to Dismiss or Alternatively Mot. for Summary Judgment [Dkt. # 14].

## BACKGROUND

Plaintiff alleges that on October 7, 2013, at approximately 9:00 a.m., he was approached by D.C. Metropolitan Police Officers at the intersection of 8th Street and Pennsylvania Avenue in the District of Columbia. SAC ¶ 8.  Plaintiff was "detained, handcuffed, arrested and jailed" by defendant David Hong and charged with one count of driving under the influence and one count of operating while impaired.  *Id.*  On October 24, 2013, plaintiff was arraigned and ordered to undergo substance abuse evaluation as well as pre-trial monitoring.  *Id.*  All charges were later dismissed by the D.C. Superior Court on June 10, 2014.  *Id.*

On August 13, 2014, plaintiff filed a complaint in D.C. Superior Court, and on December 3, 2014, plaintiff's counsel amended the complaint to include allegations of constitutional violations.  *See* Second Am. Compl. [Dkt. # 1-1].  On December 17, 2014, defendant District of Columbia removed this case to federal court.  *See* Notice of Removal [Dkt. # 1].  In his Second Amended Complaint, plaintiff alleges seven counts including false imprisonment,  false arrest, false light and invasion of privacy, defamation, negligent training and supervision, and negligent infliction of emotional distress (collectively, the "common law claims" or "D.C. Code claims"), SAC ¶¶ 9-31, as well as one count of "Violation of Constitutional Rights" under 42 U.S.C. § 1983 for violations of plaintiff's Fourth, Fifth, Sixth, Fourteenth, and Eighth Amendment rights (collectively, the "constitutional claims"), SAC ¶¶ 32-35.

2

## ANALYSIS

Federal Rule of Civil Procedure 12(b)(6) provides that a district court shall dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Although all factual allegations in a complaint are assumed to be true when deciding a Rule 12(b)(6) motion, and all reasonable inferences are drawn in a plaintiff's favor, the Court need not accept either inferences "unsupported by the facts set out in the complaint" or "legal conclusions cast in the form of factual allegations." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (citations and internal quotation marks omitted). To survive a motion to dismiss, a complaint must contain sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face." *Id.* at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). This plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* In addition, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the

3

court.'" *Twombly*, 550 U.S. at 558 (quoting 5 WRIGHT & MILLER § 1216 at 233–234) (alteration in original).

Plaintiff's constitutional claims fail because he has not alleged that any of the misconduct took place pursuant to an official policy or custom. The District of Columbia, as a municipality, can only be liable under 42 U.S.C. § 1983 for constitutional deprivations suffered by plaintiff if "there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989); *see Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978) (section 1983 "imposes liability on a government that, under color of some official policy, 'causes' an employee to violate another's constitutional rights"). A direct causal link can be shown in two ways. Either a municipal body may cause a constitutional tort through the adoption and promulgation of a formal policy, *Monell*, 436 U.S. at 690, or, in the absence of a formal policy, through a "custom" that is so pervasive "as to have the force of law," *Board of the County Commissioners of Bryan County, Oklahoma v. Brown*, 520 U.S. 397, 404 (1997). In all events, the municipality's liability can be predicated "only [upon] acts for which the municipality itself is actually responsible." *City of St. Louis v. Praprotnik*, 485 U.S. 112, 123 (1988).

A municipality's failure to train its employees can suffice as a "custom" or "policy" under 42 U.S.C. § 1983 if that failure evidences "'deliberate indifference' towards the constitutional rights of persons in its domain." *Daskalea v. District of Columbia*, 227 F.3d 433, 441 (D.C. Cir. 2000) (quoting *City of Canton*, 489 U.S. at 388–

89 & n. 7).  Such indifference attaches only when "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to the need."  *City of Canton*, 489 U.S. at 390.

Here, plaintiff has utterly failed to allege any facts that would demonstrate a custom, practice, or policy that led to the violation of his constitutional rights.  Similarly, plaintiff's complaint fails to identify any policymaker who consciously chose to violate plaintiff's constitutional rights or was deliberately indifferent to the risk that constitutional rights would be violated.  Plaintiff has not alleged that any municipal employee was so inadequately trained that the city was "deliberately indifferent" to the need for better training.  Instead, plaintiff merely relies upon the one incident of his own arrest in his allegations, which is legally insufficient to allege a municipal custom or policy.  *See Brookens v. United States*, 981 F. Supp. 2d 55, 64 (D.D.C. 2013) (dismissing Section 1983 claims where plaintiff relied on own personal circumstances to show policy or custom).  Accordingly, the claims alleging constitution violations under Section 1983 will be dismissed.

Plaintiff's common law claims—i.e., false imprisonment, false arrest, false light, invasion of privacy, defamation, negligent training and supervision, and negligent infliction of emotional distress—also fail because plaintiff failed to give defendant timely notice, which is a strict requirement to preserve those claims against the District of Columbia.  Plaintiff does not contest that his April 23, 2014, letter was untimely, but

5

instead argues that the police report adequately apprised defendant of the injury claimed, thus satisfying the notice requirement. *See* Pl.'s Opp. [Dkt. # 7] at 6.  I disagree.

In order to maintain an action against the District of Columbia for the type of common law claims alleged here, a plaintiff must satisfy the  mandatory notice requirement of D.C. Official Code § 12-309.  Section 12-309 provides, in pertinent part:

> [A]n action may not be maintained against the District of Columbia for unliquidated damages to person or property unless, within six months after the injury or damage was sustained, the claimant, his agent, or attorney has given notice in writing to the Mayor of the District of Columbia of the approximate time, place, cause, and circumstances of the injury or damage.

D.C. Code § 12-309.  The notice requirement of Section 12-309 is a prerequisite to a suit against the District of Columbia "because it represents a waiver of sovereign immunity." *Faison v. District of Columbia*, 664 F. Supp. 59, 68 (D.D.C. 2009) (citing *Johnson v. District of Columbia*, 572 F. Supp. 2d 94, 111 (D.D.C. 2008). Compliance with the notice requirement is mandatory. *Id.* "Courts should strictly construe Section 12-309's notice requirements." *Day v. District of Columbia Dep't of Consumer & Regulatory Affairs*, 191 F. Supp. 2d 154, 158 (D.D.C. 2002).

There are two ways to satisfy the 12-309 requirement: (1) a written notice to the Mayor of the District of Columbia, or (2) a police report prepared in the regular course of duty. *Blocker-Burnette v. District of Columbia*, 730 F. Supp. 2d 200, 204 (D.D.C. 2010). "In order for police reports made in the regular course of duty to satisfy the Section 309 requirement of notice, it must contain information as to the approximate time, place, cause, and circumstances of injury or damage '…with at least same degree of specificity

6

required by written notice.'" *Pitts v. District of Columbia*, 391 A.2d 803, 808 (D.C.

1978) (quoting *Jenkins v. District of Columbia*, 379 A.2d 1177, 1178 (D.C. 1977))

(emphasis added). "[T]he inquiry with respect to a police report's capacity to satisfy §

12-309's notice obligation is whether 'the District should have anticipated, as a

consequence of receiving the police reports, that a complaint by [plaintiff] would be

forthcoming.'" *Mazloum v. District of Columbia Metro. Police Dep't*, 522 F. Supp. 2d

24, 49 (D.D.C. 2007) (quoting *Allen v. District of Columbia*, 533 A.2d 1259, 1262 (D.C.

1987); *see also Jones v. Ritter*, 587 F. Supp. 2d 152, 159 (D.D.C. 2008).

The police report at issue here fails to satisfy the requirements of the statute. *See*

Def.'s Mot., Ex. 4 (MPD Police Report) [Dkt. # 5-4] at 3. While the police report does

describe the circumstances of the arrest generally, it does not describe any potential

causes of action plaintiff might have against the District of Columbia. *Id.* Tellingly, the

report does not describe that plaintiff suffered any actual injury, let alone that plaintiff

suffered an injury that was attributable to defendant. *Id.*; *see also Allen v. District of

Columbia*, 533 A.2d 1259, 1263 (D.C. 1987) ("a police report of an arrest is

presumptively devoid of any notice of a potential claim of injury or damage from false

arrest, assault and battery, or negligence."). Put simply, there was no reason whatsoever,

on the basis of this police report, for defendant to have anticipated that a complaint by

plaintiff was forthcoming. Accordingly, the D.C. Code offenses must also be dismissed.

## CONCLUSION

Thus, for all of the foregoing reasons, defendant's motion to dismiss is

GRANTED, and this case is DISMISSED as to defendant District of Columbia with prejudice for failure to state a claim. A separate Order consistent with this decision accompanies this Memorandum Opinion.

RICHARD J. LEON
United States District Judge