UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| FRITZ G. AUBIN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Civil Case No. 14-02133 (RJL) |
| v. | ) |
| | ) |
| THE DISTRICT OF COLUMBIA, et al., | ) |
| | ) |
| Defendants. | ) |

**FILED**

FEB 08 2016

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

MEMORANDUM OPINION
February 7, 2016 [Dkt. # 14]

Plaintiff Fritz G. Aubin ("plaintiff") brought this suit against defendants the District of Columbia and Officer David Hong ("defendants") in D.C. Superior Court, which was removed to this Court on December, 17, 2014, asserting both common law and constitutional claims for injuries allegedly stemming from plaintiff's October 7, 2013 arrest. *See generally* Second Am. Compl. ("SAC") [Dkt. # 1-1]. On June 5, 2015, I granted defendant District of Columbia's motion to dismiss for failure to state a claim, and dismissed all claims against the District of Columbia. *See* Mem. Op. [Dkt. # 17]. Currently before the Court is Defendant Hong's Motion to Dismiss or Alternatively Motion for Summary Judgment [Dkt. # 14]. Upon consideration of the pleadings, record, and relevant law, I find that plaintiff fails to state a claim and that defendant Hong is entitled to qualified immunity. Therefore, defendant's motion is GRANTED, and all claims against defendant Hong are dismissed.

1

## BACKGROUND

Plaintiff alleges that on October 7, 2013, at approximately 9:00 a.m., he was approached by D.C. Metropolitan Police Officers at the intersection of 8th Street and Pennsylvania Avenue in the District of Columbia. SAC ¶ 8. Plaintiff was "detained, handcuffed, arrested and jailed" by defendant David Hong and charged with one count of driving under the influence and one count of operating while impaired. *Id.* On October 24, 2013, plaintiff was arraigned and ordered to undergo substance abuse evaluation as well as pre-trial monitoring. *Id.* All charges were later dismissed by the D.C. Superior Court on June 10, 2014. *Id.*

On August 13, 2014, plaintiff filed a complaint in D.C. Superior Court, and on December 3, 2014, plaintiff's counsel amended the complaint to include allegations of constitutional violations. *See* SAC. On December 17, 2014, defendant District of Columbia removed this case to federal court. *See* Notice of Removal [Dkt. # 1]. In his Second Amended Complaint, plaintiff alleges seven counts against defendants District of Columbia and Hong, *see* SAC, but the claims remain only as to defendant Hong since I dismissed all claims against defendant District of Columbia, *see* Mem. Op. [Dkt. # 17]. The remaining counts include false imprisonment, false arrest, false light and invasion of privacy, defamation, negligent training and supervision, and negligent infliction of emotional distress (collectively, the "common law claims"), SAC ¶¶ 9-31, as well as one count of "Violation of Constitutional Rights" under 42 U.S.C. § 1983 for violations of plaintiff's Fourth, Fifth, Sixth, Fourteenth, and Eighth Amendment rights (collectively, the "constitutional claims"), SAC ¶¶ 32-35.

2

## STANDARD OF REVIEW

The Court may dismiss a complaint for failure to state a claim upon which relief may be granted. *See* Fed. R. Civ. P. 12(b)(6). In considering a motion to dismiss under Rule 12(b)(6), the court must "liberally" construe the complaint "in favor of the plaintiff, who must be granted the benefit of all inferences that can be derived from the facts alleged." *Schuler v. United States*, 617 F.2d 605, 608 (D.C. Cir. 1979) (internal citation and quotation marks omitted). However, in considering the pleadings, the Court is not required to "accept legal conclusions cast in the form of factual allegations," or to rely on inferences "unsupported by the facts set out in the complaint." *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994). Thus, to withstand dismissal, the allegations, when read in a light most favorable to the plaintiff, must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Summary judgment is appropriate when the pleadings and the record demonstrate that "there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "A fact is material if it 'might affect the outcome of the suit under the governing law,' and a dispute about a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Steele v. Schafer*, 535 F.3d 689, 692 (D.C. Cir. 2008) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To defeat summary judgment, the nonmoving party must "designate specific facts showing there is a genuine issue for

3

trial." *Id.* at 324 (quotation marks omitted). In determining whether there is a genuine dispute about material facts, the court "must view the evidence in the light most favorable to the nonmoving party and . . . draw all reasonable inferences in favor of the nonmoving party." *Grosdidier v. Broad. Bd. of Governors, Chairman*, 709 F.3d 19, 23-24 (D.C. Cir. 2013) (quotation marks and citation omitted).

## ANALYSIS

When evaluating a motion to dismiss under Rule 12(b)(6), a court generally does not consider matters beyond the pleadings. *Ward v. D.C. Dep't of Youth Rehab. Servs.*, 768 F. Supp. 2d 117, 119-20 (D.D.C. 2011). If a court considers materials outside the pleadings on which the complaint does not necessarily rely, it must convert the motion into one for summary judgment. *Kim v. United States*, 632 F.3d 713, 719 (D.C. Cir. 2011) (citing Fed. R. Civ. P. 12(d)). "The decision to convert a motion to dismiss into a motion for summary judgment . . . is committed to the sound discretion of the trial court," but that discretion is limited. *Flynn v. Tiede–Zoeller, Inc.*, 412 F. Supp. 2d 46, 50 (D.D.C. 2006). "[T]he reviewing court must assure itself that summary judgment treatment would be fair to both parties[.]" *Tele–Commc'ns of Key West, Inc. v. United States*, 757 F.2d 1330, 1334 (D.C. Cir. 1985). When a motion to dismiss is converted into one for summary judgment, "all parties must be given reasonable opportunity to present all the material that is pertinent to [a Rule 56] motion." Fed. R. Civ. P. 12(d).

Defendant Hong attached a police report to his Motion to Dismiss or Alternatively Motion for Summary Judgment. *See* Metropolitan Police Report ("Police Report"), Ex. B [Dkt. # 14-2]. Importantly, both parties rely on this police report to support their

4

respective arguments regarding probable cause and qualified immunity. *See* Def.'s Mot. 12 ("Officer Hong reasonably believed, based on his own observations at the time, that Plaintiff's conduct was unlawful." (citing police report)); Pl.'s Opp'n 5 ("Plaintiff has alleged in his complaint that the District officers had no probable cause or reasonable suspicion to detain him . . . . His view is supported by the police report."). Accordingly, I will convert this motion to dismiss into a motion for summary judgment with respect to the questions of probable cause and qualified immunity. *See Smith v. United States*, No. 12-CV-1679, 2015 WL 4880891, at *3-4 (D.D.C. Aug. 14, 2015) (converting motion to dismiss to summary judgment motion as to probable cause and qualified immunity where both parties relied on same video footage to support their respective arguments); *see also Hollis v. U.S. Dep't of Army*, 856 F.2d 1541, 1544 (D.C. Cir. 1988) ("[N]o useful purpose can be served by [Rule 12(d)'s notice-and-opportunity requirement] where it is clear that the dispositive facts will remain undisputed and unchanged.").

**Qualified Immunity and False Arrest, False Imprisonment, and Fourth Amendment Claims.**

Defendant Hong invokes qualified immunity as a defense to this suit.[1] *See* Def.'s Mem. 11-12. "Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al–Kidd*, 563 U.S. 731, 735 (2011) (citing *Harlow v.*

---

[1] Defendant Hong also moved to dismiss under Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process. *See* Def.'s Mem. 10-11. Plaintiff contends that defendant Hong has waived this argument. *See* Pl.'s Opp'n 3. I assume, without deciding, that this argument has been waived, but dismiss the case on other grounds.

5

*Fitzgerald*, 457 U.S. 800, 818 (1982)). The defendant bears the burden of pleading and proving qualified immunity. *Harlow*, 457 U.S. at 815. The analysis "turns on the objective legal reasonableness of the action, assessed in light of the legal rules that were clearly established at the time it was taken.'" *Pearson v. Callahan*, 555 U.S. 223, 244 (2009) (internal quotation marks omitted). This standard, "[w]hen properly applied, . . . protects all but the plainly incompetent or those who knowingly violate the law." *Ashcroft v. al–Kidd*, 563 U.S. 733 (internal quotation marks omitted).

Plaintiff alleges false arrest and false imprisonment claims under both the common law and the Fourth Amendment.[2] In general, "the details of constitutional tort actions should be shaped by reference to the parallel common law." *Dellums v. Powell*, 566 F.2d 167, 175 (D.C. Cir. 1977). Indeed, "[t]he elements of a constitutional claim for false arrest are substantially identical to the elements of a common-law false arrest claim" because, for either type, "the focal point of the action is the question whether the arresting officer was justified in ordering the arrest of the plaintiff . . . ." *Scott v. District of Columbia*, 101 F.3d 748, 753-54 (D.C. Cir. 1996). Furthermore, courts evaluate common law claims for false arrest and false imprisonment in the same manner. *See Barnhardt v. District of Columbia*, 723 F. Supp. 2d 197, 214 (D.D.C. 2010) ("There is 'no real difference as a practical matter between false arrest and false imprisonment[]' . . . ." (quoting *Shaw v. May Dep't Stores Co.*, 268 A.2d 607, 609 n.2 (D.C. 1970)). "The

---

[2] Plaintiff brings the Fourth Amendment claim—and other constitutional claims—under 42 U.S.C. § 1983, which allows citizens to bring actions against the government or government officials when their constitutional rights have been violated.

6

gravamen of a complaint for false arrest or false imprisonment is an unlawful detention." *Enders v. D.C.*, 4 A.3d 457, 461 (D.C. 2010). A defendant can defeat a false arrest claim under common law if "the arresting officer had probable cause to believe that the arrestee committed a crime." *Scott*, 101 F.3d at 754.[3] Similarly, common law false imprisonment is "'the unlawful detention of a person without a warrant or for any length of time whereby he is deprived of his personal liberty or freedom of locomotion . . . .'" *Barnhardt*, 723 F. Supp. 2d at 214 (quoting *Tocker v. Great Atl. & Pac. Tea Co.*, 190 A.2d 822, 824 (D.C. 1963)). To prevail on a common law false imprisonment claim, a plaintiff must demonstrate "that the police acted without probable cause, in an objective constitutional sense, to effectuate his arrest." *Id.* (internal quotation marks omitted). Under the Fourth Amendment, "[a]n arrest based on probable cause cannot constitute an unreasonable . . . seizure." *Carr v. District of Columbia*, 565 F. Supp. 2d 94, 99 (D.D.C. 2008) (citing *Whren v. United States*, 517 U.S. 806, 819 (1996)), *rev'd on other grounds by* 587 F.3d 401 (D.C. Cir. 2009). Accordingly, the Court will analyze plaintiff's Fourth Amendment and common law claims of false arrest and false imprisonment together.

The key question for each of these claims "is whether, at the time of the detention, a reasonable person would have known that under clearly established law there was no probable cause to arrest and detain plaintiff." *Reiver v. D.C.*, 925 F. Supp. 2d 1, 7 (D.D.C. 2013). "An officer retains qualified immunity from suit if he had an objectively

---

[3] "Probable cause exists when 'facts and circumstances within the officer's knowledge . . . are sufficient to warrant a prudent person in believing that the suspect has committed, is committing, or is about to commit an offense.'" *Marcus v. District of Columbia*, 646 F. Supp. 2d 58, 61 (D.D.C. 2009) (quoting *United States v. Wesley*, 293 F.3d 541, 545 (D.C. Cir. 2002)).

reasonable basis for believing that the facts and circumstances surrounding the arrest were sufficient to establish probable cause." *Wardlaw v. Pickett*, 1 F.3d 1297, 1304 (D.C. Cir. 1993) (citing *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). Thus, even absent probable cause, a defendant is still immune from suit if a reasonable officer in his position "could have believed that probable cause existed to arrest [plaintiff]." *Hunter v. Bryant*, 502 U.S. 224, 228 (1991). Upon reviewing the facts here, I find that a reasonable officer could have believed there was probable cause to support plaintiff's arrest.

At the time of arrest, defendant Hong had a reasonable basis to believe that plaintiff had been operating a vehicle while under the influence of alcohol. Plaintiff claims that on October 7, 2013, at approximately 9:00 a.m., as he was walking back to "where his District of Columbia school bus had stopped at the intersection of 8th and Pennsylvania Avenue, Southeast, in the District of Columbia, he was approached by Metropolitan Police Officers then detained, handcuffed, arrested and jailed by Defendant Officer David Hong on one count of driving under the influence and one count of operating while impaired." SAC ¶ 8. On October 24, 2013 plaintiff was arraigned and ordered to undergo substance abuse evaluation and pre-trial monitoring, and on June 10, 2014 the D.C. Superior Court ultimately dismissed all charges against plaintiff. *Id.* Without offering any other facts, plaintiff alleges the officers lacked probable cause to arrest and detain him. *See generally id.* Moreover, plaintiff maintains that his view is "supported by the police report." Pl.'s Opp'n 5. Not so.

The report reveals that Officer Hong and two other officers arrived at the scene in response to a call about an abandoned bus. Police Report 4. Upon arrival the bus

attendant told the officers that the bus had broken down, the driver (plaintiff) had left without telling her where he was going, and the kids on board were special needs. *Id.* Plaintiff returned and explained to the officers he had gone to get fuel from the gas station, then began to pour the gasoline into the bus and "spilled [the] majority of the gas on the ground." *Id.* The plaintiff's uniform was "very messy and unkept," he was "very talkative and appeared very nervous by not being able to stand still," his eyes were "blood shot and watery," and "Officer Hong observed that he was shaky." *Id.* Officer Hong asked plaintiff to take a Standard Field Sobriety Test, and plaintiff took the test.[4] *Id.* During the three-part field sobriety test—which is "designed to determine whether the motorist's physical coordination has been affected by the consumption of intoxicating liquor," *Karamychev v. District of Columbia*, 772 A.2d 806, 808 (D.C. 2001)—Officer Hong observed erratic eye movements, and plaintiff had difficulty following instructions, interrupted Office Hong, failed to walk in a straight line, miscounted his steps, had difficulty standing on one foot, and stopped the final test prematurely. Police Report 4. These facts are undisputed and, taken together, provide a sufficient basis for an officer to reasonably believe that plaintiff was to some appreciable degree less able to exercise the

---

[4] The report provides that Officer Hong asked plaintiff if he would take a field sobriety test, and plaintiff acquiesced, responding, "Sure, I haven't done anything." Police Report 4. In plaintiff's Statement of Undisputed Material Facts, he states he did not consent to a Field Sobriety Test, but does not dispute the circumstances of the scene, the fact that he took the test, or his actions and appearance as described in the police report. *See* Pl.'s Statement of Disputed Material Facts ("Pl.'s Statement of Facts") ¶¶ 7, 11 [Dkt. # 15]. Even disregarding plaintiff's alleged statement in the report, and assuming plaintiff did not consent to the test, there is no legal requirement that there be probable cause before an officer can administer a field sobriety test. *Rogala v. District of Columbia*, 161 F.3d 44, 52 (D.C. Cir. 1998). The Court is satisfied that Officer Hong more than met the lower standard of "reasonable suspicion" to perform the field sobriety test given the undisputed circumstances, including that plaintiff had abandoned his vehicle, appeared messy and unkept, was shaky and talkative, and spilled the gasoline. *See* Police Report 4.

9

mental and/or physical judgment necessary to safely handle an automobile due to alcohol consumption.[5] *See Poulnot v. District of Columbia*, 608 A.2d 134, 137-38 (D.C. 1992) (a person violates the DUI statute if he or she is "less able, either mentally or physically or both," to some "appreciable" degree, "to exercise the clear judgment and steady hand necessary to handle" a vehicle). Under these circumstances, I cannot possibly find that it was unreasonable for defendant Hong to believe he had probable cause to arrest plaintiff.

**Remaining Constitutional Claims.**

Plaintiff brings additional constitutional claims under the Fifth, Sixth, Eighth, and Fourteenth Amendments. For the following reasons, each of these claims fails. The complaint's sole reference to a Fifth Amendment claim provides, "Defendants deprived Plaintiff of . . . the right . . . not to be [deprived] of life, liberty or property without due process of law." SAC ¶ 33. This barebones recitation of Fifth Amendment language is woefully insufficient to state a claim. In his briefing plaintiff attempts to elucidate his claim by referencing *Miranda v. Arizona*, 384 U.S. 436 (1966), *see* Pl.'s Opp'n 6, but the complaint is bereft of any facts suggesting he was not provided with proper *Miranda* warnings while being questioned in custody, *see generally* SAC. Moreover, an

---

[5] Plaintiff's conclusory statement that he "did not fail his Field Sobriety Test," Pl.'s Statement of Facts ¶ 8, absent factual support, is insufficient to create a dispute of material fact as to his actions during the tests. Plaintiff's additional statements regarding the circumstances of his arrest—police officers did not see him drive or control the vehicle or commit a crime, he was not found guilty of any criminal act, the charges filed against him were dismissed, and the urine toxicology test ultimately exonerated him, *id.* ¶¶ 3-6, 9—are not only undisputed but also immaterial to whether it was reasonable for defendant Hong to believe probable cause existed to arrest plaintiff. Lastly, plaintiff's bare statement in his briefing that the police report "does not reflect what the arresting officer observed," *id.* ¶ 11, similarly falls short of creating a genuine issue of material fact, particularly given plaintiff's reliance on the report and statement that it supports his view that there was no probable cause to arrest him, *id.* ¶ 2.

individual who has been temporarily detained for a traffic stop, and subject to roadside questioning and field sobriety tests, generally is not considered to be "in custody" for purposes of *Miranda*, and plaintiff alleges no facts to suggest this is an exception. *See Berkemer v. McCarty*, 468 U.S. 420, 440 (1984); *Karamychev*, 772 A.2d at 809. Accordingly, the Fifth Amendment claim against defendant Hong is dismissed.

Plaintiff also fails to state a claim under the Sixth Amendment. The Sixth Amendment guarantees plaintiff the right to a speedy trial, the right to be informed of the nature and cause of the accusation, the right to be confronted with witnesses against him, the right to have a compulsory process for obtaining witnesses in his favor, and the right to assistance to counsel for his defense. U.S. Const. amend. VI. Plaintiff's allegations regarding the Sixth Amendment consist solely of a recitation of rights guaranteed thereunder. SAC ¶ 33. In his briefing, plaintiff specifies that he was deprived of his Sixth Amendment rights because "his case was being unnecessarily delayed and . . . evidence helpful to his case was being deliberately withheld and/or delayed to his prejudice." Pl.'s Opp'n 6. The complaint, however, is devoid of any facts supporting the inference that his case was delayed in violation of the Sixth Amendment, or that he was otherwise deprived of his Sixth Amendment rights. *See generally* SAC. Accordingly, this claim must be dismissed.

Plaintiff's claims under the Eighth and Fourteenth Amendments are not actionable and must be dismissed. The Eighth Amendment's protection against cruel and unusual punishment does not apply to individuals "who have not been adjudicated guilty of any crime and are therefore not subject to punishment." *Powers–Bunce v. District of*

*Columbia*, 479 F. Supp. 2d 146, 153 (D.D.C. 2007) (internal quotation marks and citation omitted); *see Ingraham v. Wright*, 430 U.S. 651, 671 n.40 (1977) ("Eighth Amendment scrutiny is only appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions."). Because plaintiff Aubin has not been convicted of any crime, he has no cognizable claim under the Eighth Amendment. Nor does plaintiff have a cognizable claim under the Fourteenth Amendment, which does not apply to the District of Columbia or its employees, including defendant Hong. *See District of Columbia v. Carter*, 409 U.S. 418, 424 (1973) ("[S]ince the District of Columbia is not a 'State' within the meaning of the Fourteenth Amendment, neither the District nor its officers are subject to its restrictions." (internal citations omitted)). Accordingly, the Court dismisses plaintiff's Eighth and Fourteenth Amendment claims against defendant Hong.

**Remaining Common Law Claims.**

Plaintiff's remaining common law claims must be dismissed for failure to state a claim. Plaintiff brings claims of defamation and false light/invasion of privacy based on the alleged false accusation that plaintiff was driving a school bus of special needs children while under the influence of alcohol. *See* SAC ¶¶ 16-23. Where, as here, a false light claim is based on the same factual allegations as a defamation claim, the two are analyzed identically. *Parisi v. Sinclair*, 845 F. Supp. 2d 215, 218 n.1 (D.D.C. 2012) (citing *Blodgett v. Univ. Club*, 930 A.2d 210, 223 (D.C. 2007)).

To state a cause of action for defamation, a plaintiff must allege the following: (1) that the defendant made a false and defamatory statement concerning the plaintiff; (2)

12

that the defendant published the statement without privilege to a third party; (3) that the defendant's fault in publishing the statement amounted to at least negligence; and (4) either that the statement was actionable as a matter of law irrespective of special harm, or that its publication caused the plaintiff special harm. *Parisi*, 845 F. Supp. 2d at 218 (citing *Blodgett*, 930 A.2d at 222). To succeed on a claim of false light invasion of privacy, a plaintiff must show: (1) publicity by defendant (2) about a false statement, representation, or imputation (3) understood to be of and concerning the plaintiff, and (4) which places the plaintiff in a false light that would be offensive to a reasonable person. *Armstrong v. Thompson*, 80 A.3d 177, 188 (D.C. 2013). Here, plaintiff fails to plead facts showing defendant Hong made a statement about plaintiff. *See generally* SAC. The complaint references "false and defamatory statements" concerning plaintiff made "through the internet and other media" including statements by the Metropolitan Police Department Chief of Police on News Channel 8, SAC ¶ 17, but makes no attempt to attribute any such statements to defendant Hong, *see* SAC ¶¶ 16-23. This threshold pleading defect is fatal to plaintiff's defamation and false light/invasion of privacy claims against Hong.

  The complaint also lacks factual allegations that give rise to a plausible claim of negligent infliction of emotional distress. To prevail on a claim for negligent infliction of emotional distress a plaintiff must show that defendant's negligent conduct put the plaintiff in danger of bodily harm (*i.e.* the "zone of danger" test), or, in limited circumstances, that defendant has a relationship with plaintiff, or has undertaken an obligation to the plaintiff, of a nature that necessarily implicated plaintiff's emotional

13

well-being. *See Hedgepeth v. Whitman Walker Clinic*, 22 A.3d 789, 810-11 (D.C. 2011) (en banc). Plaintiff concedes that the zone of danger test does not apply here, Pl.'s Opp'n 7-8, but wholly fails to allege facts that defendant Hong, a police officer, had the requisite relationship with, or undertook an obligation to, arrestee plaintiff that necessarily implicated plaintiff's well-being such that Hong could be liable for negligent infliction of emotional distress, *see generally* SAC. Accordingly, this claim must be dismissed.

Finally, plaintiff fails to state a claim against defendant Hong for negligent training and supervision. This common law tort applies only to employers, not employees such as defendant Hong. *See Griffin v. Acacia Life Insur. Co.*, 925 A.2d 565, 575 (D.C. 2007).

## CONCLUSION

Thus, for all of the foregoing reasons, Defendant Hong's Motion to Dismiss or Alternatively Motion for Summary Judgment is GRANTED, and this case is DISMISSED as to defendant Hong. A separate Order consistent with this decision accompanies this Memorandum Opinion.

_____
RICHARD J. LEON
United States District Judge